ZAGEL, District Judge,
specially concurring.
I join in Judge DeMoss’ opinion, but I write separately because I am troubled by the instructions tendered to the jury in this case. The jury was told:
Though the defendant claims a legitimate business reason for the plaintiffs discharge, you may still find for the plaintiff if you find that he has proven by a preponderance of the evidence, that the reasons stated by the defendant were not the true reasons for the plaintiffs discharge, or that the plaintiffs age more likely than not was a determining factor in his discharge. (Emphasis added.)
This instruction is inconsistent with the Supreme court’s opinion in St. Mary’s Honor Center v. Hicks, — U.S. -, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), and ought not be given. I read St. Mary’s to say that a jury cannot find liability for the plaintiff solely because the defendant gave a false reason at the time of discharge. This is what I believe the Supreme Court meant when it said that “nothing in law would permit us to substitute for the required finding that the employer’s action was the product of unlawful discrimination, the much different (and much lesser) finding that the employer’s explanation of its actions was not believable.” St. Mary’s, — U.S. at -, 113 S.Ct. at 2751.
Nothing in law necessarily prevents a jury from rejecting the proffered reason at trial and inferring “the ultimate fact of intentional discrimination.” Id. at -, 113 S.Ct. at 2749. Whether the “lie” serves as a proxy for discrimination necessarily depends on the context in which the “he” is uttered. See id. at -, 113 S.Ct. at 2752 (employer’s proffered reason is not a pretext for discrimination “unless it is shown both that the reason was false, and that discrimination was the real reason”) (emphasis in original.) The basis for this is simply a recognition that employers rarely tell employees that they are being discharged for being lousy workers. Employers often “lie” in different ways for legitimate business reasons, one of which is to soften the blow to the employee by saying that there is a reduction in force or *546 that business is being shifted when, in fact, they are discharging the employee for poor performance. Clearly, this is not the only ground for the decision in St. Mary’s. But I believe it is one reason. And, I believe the court in St. Mary’s proposed to remedy this problem by carefully drafting jury instructions so that less emphasis is placed on the employer’s lie at the time of discharge.
The jury here should have been instructed that it may hold the defendant liable only if it finds that the plaintiff has proven that the plaintiffs age more likely than not was a determining factor in the discharge. The jury also should have been instructed that it may make its usual decisions about whom to believe and that if it finds that the defendant proffered false reasons for the plaintiffs discharge at trial, it may (but is not compelled to) infer from the context of the lie and the other evidence the ultimate fact that age was a determining factor in the discharge.